IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MANDY M. ZWOLINSKI,

      Plaintiff,                                  23cv0195
                                                                ELECTRONICALLY FILED

    v.

LINCOLN NATIONAL LIFE INSURANCE
COMPANY,

      Defendant.

## ORDER OF COURT

Before the Court in this ERISA case, is Plaintiff's motion to add evidence to the administrative record, whereby Plaintiff seeks to add "the complete reports and C.V.s of Dr. Simone Litsch, Nurse Consultant Billiejo, and R.N. Tyson . . . " to the administrative record to "assure a fair, full and complete review of the Plaintiff's long-term disability claim." ECF 33. Counsel for Defendant filed a Response verifying that "the full unredacted reports of the three named consultants who reviewed this matter on behalf of Lincoln [were] properly a part of the administrative record in this case. . . . [and those] reports are already a part of the administrative record produced to Plaintiff." ECF 35. Thus, all that remains for the Court to decide is whether the *curricula vitae* ("C.V.s") of the three consultants/experts (namely, Dr. Simone Litsch, Nurse Consultant Billiejo, and R.N. Tyson) must be produced. After careful review of the issue, this Court **GRANTS** Plaintiff's Motion, and **ORDERS** Defendant to produce all three CVs.

First, Defendant agreed that it will produce the C.V. for Dr. Litsch and any *curricula vitae* for Nurse Consultant Billiejo, and R.N. Tyson, that are in Lincoln's possession. Therefore, the Court **ORDERS** that Defendant produce any C.V.s it currently has on hand to Plaintiff for any of three consultants/experts by NO LATER than 4 pm on Friday, May 17, 2024.

Second, Defendant argued that pursuant to 29 C.F.R. 2560.503-1 (m)(8)[1], it does not have to produce any C.V.s that it does not currently have in its possession, nor is it obligated to obtain a C.V. from any consultant/expert upon whom the insurance company relied in denying benefits.  This Court disagrees.  The C.V. demonstrates the qualifications of the consultants/experts upon whose opinions, observations, and factual premises the insurance company relied when the company denied the Plaintiff benefits.  For this reason, the Court **ORDERS** Defendant to obtain any C.V.s it does not presently possess for any of the three experts/consultants (Dr. Litsch, Nurse Consultant Billiejo, and R.N. Tyson) and produce same to Plaintiff by no later than 4 pm on Friday, May 24, 2024.

SO ORDERED, this 16th day of May, 2024.

s/ARTHUR  J. SCHWAB
Honorable Arthur J. Schwab
United States District Judge

cc:     All ECF-registered Counsel of Record

---

[1] Title 29 C.F.R. . 2560.503-1(m)(8) reads as follows:

A document, record, or other information shall be considered "relevant" to a claimant's claim if such document, record, or other information:

   (i) Was relied upon in making the benefit determination;
   (ii) Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;
   (iii) Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or
   (iv) In the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.